(21 Misc. Rep. 32.)

### V. LOEWERS GAMBRINUS BREWING CO. v. FRIEDMAN.

(Supreme Court, Appellate Term.  July 29, 1897.)

CONTRACT—VALIDITY—CONSIDERATION.

> Defendant, a saloon keeper, who bought beer from plaintiff corporation, asked plaintiff to give him a new bar, which plaintiff refused.  Defendant then transferred his patronage to another brewer, whereupon plaintiff, to induce him to return, agreed to give him a new bar, and placed such new bar on defendant's premises, who thereupon resumed trading with plaintiff, and continued to trade with it for a year, when he again withdrew his custom.  *Held*, that the placing of the bar on defendant's premises under these circumstances was not a gift, nor beyond the authority of the officers of the corporation, but was upon sufficient consideration, and the title to the bar passed to the defendant.

Appeal from Eleventh district court.

Action by V. Loewers Gambrinus Brewing Company against Simon Friedman to recover personal property alleged to be the property of plaintiff, and wrongfully detained by defendant.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. J. G. Hall, for appellant.

Forster, Hotaling & Klenke, for respondent.

DALY, P. J.   The defendant, a saloon keeper, who had dealt for a long time with the plaintiff, a brewing company, proposed, as consideration for continuing to take its beer, that it should give him a new bar.   This was at first refused, but plaintiff, learning that another brewing company, in order to obtain his trade, had agreed to give him a bar, and that he had accordingly commenced to deal with that company, hastened to apprise him that it would give him the bar, procured the necessary acquiescence of the second company to his resumption of dealings with the plaintiff, removed his old bar, and put in another, at a cost of $160, and supplied him with beer for about a year thereafter.   When he subsequently withdrew his trade, this action was commenced to retake the bar, on the ground that it was a mere gift, which the officers of the company had no authority to make, and no title to the property passed to defendant.   The transactions were had by defendant with the treasurer of the company, and its salesman and collector, acting under that officer's authority, according to the evidence on defendant's behalf, which the jury credited, in preference to the denials of plaintiff's witnesses.

The contention of appellant is that the evidence on defendant's part shows that there was a naked gift of the property by plaintiff's agents.   This is a misapprehension, doubtless arising in part from defendant's speaking of the new bar as a "present"; but that

expression only indicates his understanding that the fixture was to become his without charge. The facts show a consideration for the promise to give him the bar,.which made the agreement enforceable in case of breach, and which is effectual to prevent rescission or repudiation after it has been executed. There was consideration in the agreement of defendant to resume his trade with plaintiff, which he had discontinued; and there was consideration in his relinquishing, at plaintiff's request, the benefit of the contract he had made with the other company, under which he was to get a new bar in consideration of giving it his trade.

As there was no gift of this property, there can be no dispute, upon the evidence, as to the authority of the treasurer or the collector to make a legitimate contract with the defendant to secure or to retain his custom. Any arrangement as to price or terms which involved a concession would to that extent be a gift of the corporate property, but one which its agents might lawfully make, within the scope of their agency. According to the treasurer's testimony, it was the duty of the collector "to protect and keep the trade of the various customers, and to secure new trade, if possible"; and the collector testified that his specific instructions from the treasurer were to "hold Friedman by all means," and to "give him a bar, and we will make a present of it to hold the customer." All that was done by this agent was reported to the treasurer, and it is to be assumed that the latter, as was his duty, reported to the corporation, his principal. Bank v. Davis, 2 Hill, 464; Meehan v. Forrester, 52 N. Y. 277. Ratification of the agent's act will be presumed, since the company received the benefit of it. Davies v. Steel Co., 6 App. Div. 167, 39 N. Y. Supp. 791; Arms Co. v. Barlow, 63 N. Y. 62; Raft Co. v. Roach, 97 N. Y. 378; Seymour v. Association, 144 N. Y. 341, 39 N. E. 365; Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390; City of Buffalo v. Balcom, 134 N. Y. 532, 32 N. E. 7.

The rulings of the justice were correct. There was no error in admitting the written memorandum of the agent, which merely embodied the verbal arrangement which he was authorized to make. It was not in the nature of a declaration or admission.

Judgment affirmed, with costs. All concur.